# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RUFUS WEST,**

        **Plaintiff,**

  v.                                                                                           **Case No. 03-C-658**

**TODD OVERBO, et al.,**

        **Defendants.**

# DECISION AND ORDER

The plaintiff, Rufus West, lodged this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. On January 15, 2003, he was permitted to proceed *in forma pauperis* on various constitutional claims. By order of September 8, 2005, the court granted the defendants' motion for summary judgment. On the same day, judgment was entered in the defendants' favor. Currently pending are: (1) the plaintiff's motion to alter or amend the judgment; and (2) the plaintiff's motion to transfer this action to state court. Both applications will be addressed herein.

## I. PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT

On September 16, 2005, the plaintiff filed a motion to alter or amend the judgment entered on September 8, 2005. In support of his request, the plaintiff claims: (1) he was unable to exhaust Claims 8, 9, 12, 13 and 27; (2) the court was incorrect in finding that he failed to exhaust Claims 5, 16 and 20; (3) the court failed to address Claims 1-4, 6, 28-36, 39-40 and 42; (4) the court incorrectly granted summary judgment on Claims 14, 15, 21, 22, 23, 24, 25, 26, 37 and 38; and (5) the court failed to address his claims against the John Doe defendants. The

plaintiff's motion is properly regarded as a Rule 59(e) motion since it was filed within ten days after the entry of judgment and would result in a substantive change in the judgment. *Britton v. Swift Transp. Co., Inc.*, 127 F.3d 616, 618 (7th Cir. 1997). Rule 59(e) allows the court to alter or amend a judgment if: (1) the movant can demonstrate a manifest error of law or fact; (2) the movant presents newly discovered and previously unavailable evidence; (3) reconsideration is necessary to prevent manifest injustice; or (4) an intervening change in the law undermines the validity of the judgment. 11 Charles A. Wright et al., *Federal Practice and Procedure*, § 2810.1, at 125-27 (1995). Rule 59(e) motions, however, are generally not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. *Moro*, 91 F.3d at 876; *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

**A.     Claims 8, 9, 12, 13 and 27**

The plaintiff contends that the court should have addressed the merits of Claims 8, 9, 12, 13 and 27 because he was prevented from exhausting his administrative remedies with respect to the issues raised in these claims. (Pl.'s Mot. for Reconsideration at 1). Specifically, he states that: (1) he could not appeal his inmate complaints related to Claims 8, 9, 12, 13 and 27 because they were not technically filed; and (2) the two complaint per week limit implemented by the Wisconsin Department of Corrections deprives him of available administrative remedies. *Id.* At the outset, the plaintiff lodged essentially the same argument at summary judgment. (Order of Sept. 8, 2005, at 10). The court held that the plaintiff's arguments must fail because: (1) under Wis. Admin. Code § DOC 310 he was required to appeal any rejected complaint to the CCE (regardless of whether was actually "filed"); and (2) the two

complaint per week limit implemented by the Wisconsin Department of Corrections (DOC) is constitutional and did not deprive the plaintiff of available administrative remedies. *Id*. at 11. The plaintiff has not given any indication as to why this ruling was erroneous. Further, the plaintiff concedes that he could have timely filed a complaint that was rejected by re-filing it the next week, but he chose not to. (*See* Pl.'s Mot. for Reconsideration at 1). Accordingly, the plaintiff failed to exhaust his administrative remedies and his motion for reconsideration will be denied as to Claim 8, 9, 12, 13 and 27.

**B.     Claims 5, 16 and 20**

The plaintiff submits that the court should have addressed the merits of Claims 5, 16 and 20 because he exhausted his administrative remedies as to the issues contained therein. (Pl.s' Mot. for Reconsideration at 2). The plaintiff lodged an identical argument at summary judgment. (Order of Sept. 8, 2005, at 13-14). The court found that none of the complaints the plaintiff filed related to these claims were actually exhausted. *Id*. Now, the plaintiff asks the court to reconsider because he has submitted the following inmate complaints: (1) CCI-2000-5343; (2) WSPF-2002-38659; (3) CCI-1999-57087; (4) CCI-2000-2698; (5) CCI-2000-2695; (6) SMCI-2000-27613; and (7) WSPF-2002-39633. (Pl.'s Mot. for Reconsideration at 2).

Inmate Complaints CCI-1999-57087, 2000-2698 and WSPF-2002-396633 were rejected as untimely. (Affidavit of Ellen K. Ray [Ray Aff.] Exs.1045, 1046 & 1048). Inmate Complaints CCI-2000-2695, as the defendants point out, has not been authenticated. *See* Fed.R.Civ.P. 56(e). The plaintiff has not submitted copies of Inmate Complaints CCI-2000-5343 or WSPF-2002-3859, nor has he explained why he failed to introduce them at the summary judgment stage. Finally, Inmate Complaint SMCI-2001-27613, does not concern

Claims 5, 16 or 20. (*See* Pl.'s Resp. to D.s' Mot. for Summary Judgment Exh.7). Thus, the plaintiff's motion for reconsideration must be denied as to Claims 5, 16 and 20 must be denied.

**C.      Claims 1-4, 6, 28-36, 39-40 and 42.**

The plaintiff asserts that the court failed to address Claims 1-4, 6, 14, 28-36, 39-40 and 42. (Pl.'s Mot. for Reconsideration at 7). A discussion of each claim follows.

   **1.      Claims 1, 2, 29, 30-34, 39 and 40**

The plaintiff claims that the court overlooked Claims 1, 2, 29, 30 -34, 39 and 40. (Pl.'s Mot. for Reconsideration at 7). It is undisputed, however, that the plaintiff failed to exhaust his administrative remedies as to Claim 1 (Affidavit of Amy M. Millard [Millard Aff.] ¶¶9-15; Ex. 1020); Claim 2 (Millard Aff. ¶¶16-29; Ex. 1021); Claim 29 (Ray Aff. ¶¶39-42); Claim 30 (Millard Aff. ¶¶32-40; Ex. 1023); Claim 31 (Millard Aff. ¶¶32-40; Ex. 1023); Claim 32 (Millard Aff. ¶¶41-46; Ex. 1024); Claim 33 (Millard Aff.¶47); Claim 34 (Ray Aff. ¶43); Claim 39 (Ray Aff. ¶¶47-50; Ex. 1038); and Claim 40 (Ray Aff. ¶51). Therefore, it was not necessary for the court to address the merits of these claims.

   **2.      Claims 28 and 42**

The plaintiff avers the court did not address Claim 28, in which he alleged that defendants Berge and Overbo deprived him of religious materials on March 20, 2002. (Pl.'s Mot. for Reconsideration at 7). However, the defendants demonstrated that the plaintiff failed to exhaust this claim. (Ray Aff. Ex. 1049 at 3). Specifically, it is undisputed that Inmate Complaint Number WSPF-2003-18822 (which concerns Claim 28), was rejected as being untimely. *Id*. Accordingly, it was not necessary for the court to address the merits of Claim 28.

The plaintiff also submits that the court failed to address Claim 42, in which he alleges that access to Christian materials and programs is better than the access to Islamic materials. (Pl.'s Mot. for Reconsideration at 7). However, the court dismissed this claim because the defendants demonstrated that their actions did not violate the Establishment Clause. (*See* Order of Sept. 8, 2005, at 38-42). The plaintiff has not given any indication as to how the court's decision was erroneous. Therefore, the plaintiff's motion for reconsideration is denied as to Claims 28 and 42.

### 3. Claims 3, 4 and 36

The plaintiff avers that the court overlooked Claim 3, in which he alleged that defendant Fabry confiscated some of his "personal educational writings" from his outgoing mail. (Pl.'s Mot. for Reconsideration at 7). The plaintiff claims that he filed Inmate Complaint Number CCI-1999-565535 on this issue, which states:

> On September 2, 1999, [the plaintiff] gave officer Fabry a large manila envelope containing all of my complaints court decisions in re case #97-C-0070, 2 of my CRs -w- relevant info, my historical writings, copies of my new lawsuit -w- relevant info, 1 ICI, etc. to pass to cage #37, DS2. He stated that he was sending them to the gang coordinator, but I haven't gotten my belongings back yet. There's nothing wrong or gang related, thus, I need my belongings returned to me ASAP.

(Pl.s' Response to D.s' Mot. for Summary Judgment Ex.2). The defendants did not dispute that the plaintiff filed this complaint. (*See* D.s' Reply to Pl.'s Response to D.s' Proposed Findings of Fact ¶30). A review of the defendants' summary judgment materials reveals that they did not address this claim nor did they argue that the plaintiff failed to exhaust his administrative

remedies. Thus, the defendants failed to show that they are entitled to summary judgment on Claim 3.

The plaintiff also asserts that the court failed to address Claim 36. (Pl.'s Mot. for Reconsideration at 7). In his complaint, the plaintiff states that "In November of 2002, Officer Govier and John and Jane Does retaliated against [the plaintiff] for said complaint and litigation filings by stealing several (7 or 8) 14 ½ x 12 ½ manila envelopes stuffed full of [the plaintiff's] medical records, conduct reports, three photos and miscellaneous papers (legal) that were to be sent out on a visit. (Compl. at 7). On December 1, 2002, the plaintiff filed Inmate Complaint WSPF-2002-42270, asserting that:

> On 11-7-02 or 11-8-02, [he] gave CO R. Govier several manila envelopes full of medical records, letters, conduct reports, 3 photos, & miscellaneous papers to be sent out on a visit. On 11-14-02 I got a visit. By 11-22-02 I didn't get a property receipt so I asked Govier what happened to my property, after I explained the situation to him. He replied that the lobby dept probably forgot to give it to [his] visitor & he suggested that [the plaintiff] write to the lobby dept. Later that night, [the plaintiff] received a card from [his] said visitor stating that said property was not there, only some 144 photos that [he] gave a CO on 11-13-02 to send out on a visit. On 11-22-02 I wrote to the lobby dept, explaining the situation & asking where was my property. The lobby dept subsequently replied that they never received said property.

(Pl.'s Response to D.s' Mot. for Summary Judgment Ex. 11). The defendants have conceded that the plaintiff filed Inmate Complaint WSPF-2002-42270. (D.s' Reply to Pl.'s Response to D.s' Proposed Findings of Fact ¶116). However, the defendants failed to address the plaintiff's allegations. Thus, the defendants failed to meet their burden of showing that they are entitled to summary judgment on Claim 36.

Next, the plaintiff submits that he exhausted Claim 4, in which he alleges that defendants Douma, Endicott and John and Jane Does authorized that all of his outgoing mail be opened outside his presence. (Pl.'s Mot. for Reconsideration at 7). The plaintiff avers that he filed Inmate Complaint CCI-1999-43786 complaining that

> Today I received a letter from Ms. Susan Willems informing me that for the past few weeks she has been receiving my mail already opened (slit open). She also sent me 1 of the envelopes I sent her a letter in as proof. She had witnesses sign said envelope, along -w- the postmaster's denial of opening my letters to her. I send my mail out always sealed. I have said envelope for your review. The CCI staff shouldn't be opening my mail that's outgoing.

(Pl.s' Response to D.'s Mot. for Summary Judgment Ex. 3). In response, the defendants concede that the plaintiff filed an inmate complaint on this issue but they failed to meaningfully respond to his allegations. In light of the foregoing, the defendants' have not demonstrate that they are entitled to summary judgment with respect to Claims 3, 4 and 36. Thus, the plaintiff's motion for reconsideration will be granted as to these claims.

**4. Claim 6**

The plaintiff claims that the court overlooked Claim 6, in which he complained that defendant Bertrand seized his fliers. (Pl.s' Mot. for Reconsideration at 7). However, it is undisputed that Inmate Complaint Number GBCI-2001-15348 (which concerns Claim 6) was rejected as untimely. (Affidavit of Glen C. Ripley [Ripley Aff. ¶13). It appears that the plaintiff believes that he was not required to appeal the rejected complaint to exhaust his administrative remedies. (*See* Pl.'s Mot. for Reconsideration at 1). However, the court addressed this issue and held that, pursuant to DOC § 310.04, a complainant dissatisfied with a decision may within 10 calendar days after the date of the decision appeal that decision by

filing a written request for review with the corrections complaint examiner (CCE). (*See* Order of Sept. 8, 2005, at 12-13). This the plaintiff failed to do. Accordingly, he did not exhaust his administrative remedies and it was not necessary for the court to address the merits of this allegation. Thus, the plaintiff's motion for reconsideration will be denied as to Claim 6.

    **5.    Claim 35**

The plaintiff maintains that the court overlooked Claim 25, in which he asserts that defendants Lomen, Hompe, Berge, Litscher, O'Donnell, Snotgrass, Peterson, Hennemann, Scullion, Shannon, Wetter and John and Jane Does seized his property in retaliation for the plaintiff filing grievances. (Pl.'s Mot. for Reconsideration at 7). On May 25, 2002, the plaintiff filed Inmate Complaint SMCI-2002-18970, complaining that "[s]ince 5-13-02 the property dept has repudiated my written requests (dated 5-13-02, 5-15-02, 5-19-02 and 5-22-02) for my property." (Plaintiff's Response to Defendants' Proposed Findings of Fact Exh. 10). The defendants concede that although the plaintiff did file an inmate complaint, it does not name any defendants and is vague to the point that the defendants could not respond to it. (D.s' Proposed Findings of Fact ¶115).

In *Keller v. Hanson,* Case No. 01-C-761 slip op. at 15 (E.D. Wis. March 10, 2003), United States Magistrate Judge Callahan concluded that prisoners who failed to name in their ICRS complaints those individuals named in their § 1983 complaints failed to exhaust their administrative remedies. In *Keller*, the plaintiff petitioner alleged that the correctional officer defendants denied him medical care for injuries suffered after excessive force was used by the defendants. *Id*. The issue was whether the plaintiff could proceed on an excessive force claim against corrections officers who were not named in the inmate complaint. *Id*. The court

held that he could not because the inmate complaint made no claim of excessive force. *Id*. at 17. The court stated:

> The inmate complaint only addresses Keller's alleged requests for medical attention of March 7th, and makes no mention of having requested assistance at the time of the March 6th Unit 18 incident. Further, the only individuals identified in DCI-2001-7525 are 'CO-Velasco, CO-Flier, SGT. Narance, and Capt. Garrison.' Keller makes no references to any unnamed or 'John Doe' staff members. No references are made to any of the named defendants.

*Id*.

The present case is similar to *Keller*. Here, the plaintiff did not allege in his inmate complaint that his legal materials were seized in retaliation for filing lawsuits. Moreover, he did not name any defendants. Consequently, this court finds that the plaintiff failed exhausted his administrative remedies that his property was seized and kept from him from May to July, 2002. Accordingly, summary judgment was proper as to Claim 35.

**D.     Claims 14, 15, 21, 22, 23, 24, 25, 26, 37 and 38**

The plaintiff maintains that the court incorrectly granted summary judgment in the defendants' favor with respect to Claims 14, 15, 21, 22, 23, 26, 37 and 38.

   **1.     Claims 14 and 15**

The plaintiff asserts that the court failed to address and incorrectly decided Claims 14 and 15, in which he asserted that: (1) defendant Gronden opened his legal mail from his attorney and the Milwaukee Clerk of Court; and (2) post-it notes attached to his mail were destroyed. (Pl.'s Mot. for Reconsideration at 2). By order of September 8, 2005, the court dismissed the plaintiff's claim that Gronden opened his legal mail because the plaintiff's letter from the Milwaukee Clerk of Court is not legal mail. (Order of Sept. 8, 2005, at 16-20). In

addition, the court held that even if Gronden opened the plaintiff's mail from his attorney, summary judgment was proper because her actions amounted only to negligence. *Id*.

The plaintiff submits that he is entitled to reconsideration of this claim because he is not required to produce evidence of improper motive at the summary judgment stage. (Pl.'s Motion for Reconsideration at 2). In support of his assertion, he relies on *Crawford-El v. Briton*, 523 U.S. 574 (1998). While the United States Supreme Court in *Crawford-El* disapproved of requiring a plaintiff to offer "clear and convincing" evidence of improper motive at the summary judgment stage, the Court held that where improper motive has been alleged (such as in a denial of access to the courts claim), courts "may insist that the plaintiff 'put forth specific, nonconclusory factual allegations' that establish improper motive...in order to survive a motion for summary judgment." 523 U.S. at 597-98. Here, the plaintiff failed to put forth evidence that defendant Gronden acted with an improper motive when she inadvertently opened his legal mail. Thus, the plaintiff's motion for reconsideration must be denied as to this issue.

The plaintiff also contends that the court overlooked his claim that the defendants destroyed post-it notes that were affixed to his mail. (Pl.'s Mot. for Reconsideration at 3). A prison regulation or policy that might otherwise unconstitutionally impinge on an inmate's First Amendment rights will survive a challenge if it is reasonably related to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89 (1987). A court measures the reasonableness of a challenged regulation by using the following four factor test: (1) there must be a rational connection between the regulation and the legitimate governmental interest put forward to justify it; (2) there must be alternative means of exercising the right burdened by the regulation; (3) the court must consider the impact accommodation of the asserted right would have on

guards, other inmates and prison resources; and (4) the absence of ready alternatives. *Beard v. Banks*, 126 S.Ct. 2572 (2006)(citing *Turner*, 482 U.S. at 90).

In the present case, the defendants maintain that the ban on post-it notes is connected to legitimate state interests because: (1) post-its are adhesive and adhesives are not allowed because they facilitate an inmate's ability to cover his cell window or security camera; (2) inmates would be able to use the post-its to facilitate covering their cell window or security by "wetting" the notes and placing them strategically to impede the officers' observation of the inmate; (3) it is critical that officers in the housing units regularly observe an inmate's activities in the cell in order to prevent the inmate from harming himself and to ensure that no illegal activities are being conducted which could threaten the safety of staff or other inmates. (Affidavit of Sharon Peterson ¶¶9-10; Affidavit of Keith A. Weigel ¶¶10-11). In addition, the defendants submit that there is an available alternative to exercising the constitutional right because inmates are shown or read the writing on the post it. (Peterson Aff. ¶8). Further, they contend that there are no alternatives and that allowing the post-its would run contrary to their institutional concerns in health and safety. (D.s' Mot. for Summary Judgment at 16).

The plaintiff asserts that the defendants' proffered penological interests are invalid because he could cover up cameras and windows with other items such as paper, soap and toothpaste. (Pl.'s Response to D.s' Mot. for Summary Judgment at 5). However, the defendants have stated that their interest is in limiting inmates' ability to obstruct the officers' view into cells. The ban on post-it notes undoubtedly accomplishes this. The fact that cameras and windows may still be obstructed does not invalidate the restriction. Thus, the plaintiff has failed to demonstrate that he is entitled to reconsideration of Claims 14 and 15.

### 2. Claims 21, 22 and 23

The plaintiff maintains that the court incorrectly granted summary judgment as to Claims 21, 22 and 23 in which he asserts that defendants Hallet, Berge, Listcher, O'Donnell and John and Jane Does denied him certain reading materials while in violation of the First Amendment. (Pl.'s Mot. for Reconsideration at 3). The court held that the defendants were entitled to summary judgment because the defendants' limitation on the amount of reading materials available to inmates in segregation was reasonably related to a legitimate penological interest. (Order of Sept. 8, 2005, at 24). As grounds for reconsideration, the plaintiff asserts that the court mistakenly relied on the affidavit of defendant Bertrand in reaching this conclusion. (Pl.'s Mot. for Reconsideration at 3). It is unclear how this fact, alone, warrants reconsideration of this claim. *See Caldwell v. Miller*, 790 F.2d 589 (7th Cir. 1986)(once the defendants have satisfied their burden, a court must defer to their judgment unless the plaintiff can demonstrate that the defendants' response is exaggerated or that they are unreasonable in their belief that these concerns are implicated).

The plaintiff also claims that the prison regulation limiting publications was an exaggerated response. (Pl.'s Mot. for Reconsideration at 3). Specifically, he claims that the prison's interest in limiting the amount of paper in cells to prevent inmates from clogging toilets and blocking windows and cameras is not valid. *Id.* Maintaining safety and order in prisons is a compelling governmental interest. *Bell v. Wolfish*, 441 U.S. 520, 546 (1979); *Mack v. O'Leary*, 80 F.3d 1175, 1180 (7th Cir. 1996). Further, the defendants have offered other justifications for the restriction including the elimination of contraband and the promotion of

effective cell searches. (Affidavit of Daniel R. Bertrand ¶11). In light of the foregoing, the plaintiff has failed to show that he is entitled to reconsideration of this claim.

    **3.    Claim 37**

The plaintiff claims that the court erred in granting summary judgment on Claim 37, in which he alleges that the Ramadan 2002 meal was nutritionally inadequate. (Pl.'s Mot. for Reconsideration at 6). The court addressed this claim and held that the defendants had shown that the plaintiff was served nutritionally adequate meals. (Order of Sept. 8, 2005, at 35). Further, the court noted that the plaintiff did not dispute that the Ramadan meals were approved by DOC dieticians as meeting nutritional standards, and he submitted no evidence to the contrary. *Id*. The plaintiff has not presented new information or otherwise given any indication as to how the court was in error in granting the defendants' motion for summary judgment. Based on this, the plaintiff's motion for reconsideration is denied as to Claim 37.

    **4.    Claim 38**

The plaintiff claims that the court should not have granted summary judgment as to Claim 38, in which he contends that he was not given adequate food to celebrate the Eid-al-Fitr meal. (Pl.'s Mot. for Reconsideration at 6). As support for his request for reconsideration, the plaintiff claims that he should have been provided a special meal to observe the Eid-al-Fitr instead of simply receiving ice cream for dessert. *Id*. However, the court held that since the plaintiff participated in the Ramadan 2002 feast he was not constitutionally entitled to observe another religious feast. (Order of Sept. 8, 2005, at 37). The plaintiff has not given any indication as to how the court's ruling as to this issue was in error. Based on this, the plaintiff's motion for reconsideration is denied as to Claim 37.

### 5. Claims 24 and 26

The plaintiff asserts that the court erred in dismissing Claims 24 and 26, in which he alleges that the defendants destroyed his publications. (Pl.s' Mot. for Reconsideration at 5). The court held that dismissal of this claim was proper because the plaintiff has been provided with adequate due process prior to the destruction of his reading materials. (Order of Sept. 8, 2005, at 33). The court dismissed the plaintiff's claim because it was clear that after the plaintiff was advised that his publications exceeded the allowable number, he failed to instruct the defendants as to whether he wanted them sent out of the institution, destroyed or donated to the prison library. *Id.* Now, the plaintiff alleges that he was denied due process because he should have been able to file a grievance about this issue. (Pl.'s Mot. for Reconsideration at 5). Notably, the plaintiff admits that he was able to appeal the denial of his publications to the warden, but he complains that his publications should not have been destroyed after the warden denied his appeal. *Id.* The plaintiff has not presented any legal authority in support of this contention. Further, it is unclear whether the plaintiff would have been permitted to file a grievance addressing this issue after the warden had already rendered a decision. Thus, summary judgment was appropriate as to Claims 24 and 26.

### 6. Claim 25

The plaintiff claims that the court incorrectly granted summary judgment on Claims 25 in which he averred that the defendants violated his Fourteenth Amendment right to due process when they misplaced his magazines. (Pl.'s Mot. for Reconsideration at 4). The court dismissed Claim 25 because the plaintiff was afforded due process when he was reimbursed for the cost of his misplaced magazines. (Order of Sept. 8, 2005, at 31). The

plaintiff asserts that he is entitled to reconsideration of this claim because the basis of his complaint is that the defendants retaliated against him after he said that he would file an inmate complaint. (Pl.s' Mot. for Reconsideration at 4). A review of the plaintiff's complaint reveals that he originally asserted that defendant Lomen misplaced his magazines after the plaintiff informed him that he was going to file a grievance about him. (Compl. at 6). The defendants did not respond to this claim. Thus, they are not entitled to summary judgment on this issue. Accordingly, the plaintiff's motion for reconsideration will be granted as to Claim 25.

In sum, the plaintiff's motion for reconsideration shall be granted in part and denied in part. Specifically, the plaintiff's motion is granted as to Claims 3, 4, 25 and 36. His motion is denied as to all remaining claims.

**E.     John Doe defendants**

The plaintiff claims that the court failed to address the claims he lodged against Jane and John Doe defendants. (Pl.'s Mot. for Reconsideration at 7). At the outset, the court notes that the unknown defendants have never been served. Fed.R.Civ.P. 4(m) provides in pertinent part:

> **Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time.

In this case, the complaint was filed on December 16, 2003. To date, the plaintiff has not served the Jane and John Doe defendants. Thus, the Jane and John Doe defendants should be

dismissed based on the plaintiff's failure to timely effectuate service. However, the unknown defendants should be dismissed for other reasons.

A review of the docket in this case reveals that the complaint names 68 Jane and John Doe defendants. The court set a scheduling order and the plaintiff was permitted to conduct discovery. (*See* Doc. #37). In addition, defendants provided him with information such as work schedules for property and mail room staff and details about which employees worked in specific areas on certain dates. (*See* Order of Nov. 23, 2004). However, the plaintiff has yet to identify a single Jane or John Doe defendant.

The court notes that more than three years have passed since the plaintiff lodged this complaint. He has been permitted to conduct discovery and the defendants have responded to his requests. Despite this, the plaintiff has given the court no new information as to the identity of the unknown defendants. Thus, the court finds that dismissal of the Jane and John Doe defendants is appropriate.

## II. PLAINTIFF'S MOTION TO TRANSFER

The plaintiff has moved to transfer his state claims to Dane County Circuit Court. (Pl.'s Mot. to Transfer at 1). The defendants oppose the plaintiff's request on grounds that there are no state law claims at issue. The defendants are correct on this point. Moreover, the plaintiff has not offered any reason, such as convenience, why a state court venue would be more appropriate. *See* 28 U.S.C. § 1404(a)("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). For these reasons, the plaintiff's motion to transfer this action to state court must be denied.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for reconsideration (Doc. #74) is **granted in part and denied in part.**

**IT IS FURTHER ORDERED** that the plaintiff's motion to transfer (Doc. #73) is **denied.**

Dated at Milwaukee, Wisconsin, this 29th day of September, 2006.

**SO ORDERED,**

**s/Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**